# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan R. Aanestad,<br><br>Plaintiff,<br><br>v.<br><br>Fay Servicing, LLC, and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust,<br><br>Defendants. | Civil No. _____ |

## NOTICE OF REMOVAL

Defendants Fay Servicing, LLC ("Fay Servicing") and U.S. Bank National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, hereby give notice of the removal of this action to the United States District Court for the District of Minnesota. As grounds for this removal, Defendants state as follows:

### I. Procedural Background

1. On March 9, 2020, Plaintiff Jonathan R. Aanestad ("Plaintiff") filed this action in Hennepin County District Court, Fourth Judicial District, State of Minnesota (Case No. 27-CV-20-4043).

2. The Hennepin County District Court is a state court within this district.

3. A copy of all process, pleadings, and orders served upon Defendants, as required by 28 U.S.C. § 1446(a), is attached hereto as Exhibit A (including the Summons and Complaint).

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. Plaintiff's Summons and Complaint was served on Defendants on March 10 and 11, 2020. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. 1446(b) because it is filed within thirty days of the service. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

6. Defendants have not filed a responsive pleading yet in this action.

7. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which

2
12511603v2

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. As set forth in more detail below, this action is properly removable based on federal question and diversity jurisdiction.

## II. Federal Question Jurisdiction

9. This action is properly removable under 28 U.S.C. § 1331, which provides, in pertinent part, as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10. Plaintiff asserts a claim based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*See* Compl., ¶¶ 47-56). Thus, the Court has federal question jurisdiction. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (federal question jurisdiction is established by "a federal question [] presented on the face of the plaintiff's properly pleaded complaint").

11. Further, under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over other claims that are part of the same "case or controversy." Stated differently, a district court has supplemental jurisdiction over state law claims that arise from a common nucleus of operative facts. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)). Here, all of Plaintiff's claims relate to an allegedly wrongful foreclosure sale in February 2020. (*See* Compl.). Accordingly, the Court has

3

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### III. Diversity Jurisdiction

12. This action is also properly removable under 28 U.S.C. § 1332(a), which provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different States . . . .

Here, diversity jurisdiction is proper because the amount in controversy exceeds $75,000.00, and complete diversity exists between Plaintiff and Defendants.

**A. The amount in controversy exceeds $75,000, exclusive of interest and costs.**

13. Although Plaintiff does not state the exact amount of damages sought, the amount in controversy is met here because the Complaint demonstrates that the value of Plaintiff's claims exceed the jurisdictional amount, $75,000.

14. The amount in controversy for removal jurisdiction is determined at the time of removal. *See Laughlin James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

15. If a complaint does not allege a specific damages amount, the removing party has the burden of establishing by a preponderance of the evidence that the amount

4

in controversy exceeds $75,000. *See Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The defendant can meet this burden if "on the face of the complaint, it is apparent that the claims are likely above that amount." *Kaufman v. Costco Wholesale Corp.*, 581 F. Supp. 2d 1061, 1063 (D. Minn. 2008) (citations omitted).

16. Further, "where there is a dispute about the validity of a foreclosure, the amount in controversy will be either the amount of the underlying debt or the fair market value of the property." *Garland v. Mortg. Elec. Regis. Sys. Inc.*, Nos. 09-71, 09-72, 09-342, 09-430, 2009 WL 1684424, at *2 (D. Minn. June 16, 2009); *see also Parteh v. U.S. Bank National Association*, No. 11-2932, 2012 WL 983681, at *1 (D. Minn. Mar. 6, 2012) (same).

17. Plaintiff's allegations revolve around a mortgage loan executed on property located at 3185 Northshore Drive, Wayzata, Minnesota ("Property")—evidenced by a promissory note ("Note") and a mortgage ("Mortgage") on the Property that serves as security of that Note, obtained on August 20, 2008—and the subsequent foreclosure proceedings concerning the Mortgage.

18. Plaintiff seeks declaratory relief to set aside the foreclosure sale of the Property. (*See* Compl., ¶ 42, Prayer for Relief, ¶ 1). Here, the Sheriff's Certificate of Sale shows the value of the Property is well above $75,000. A copy of the Sheriff's Certificate of Sale, showing a sale price of $1,068,064.14, is attached as Exhibit A to the Complaint.

5
12511603v2

19. In addition, Plaintiff seeks monetary damages based on his FDCPA claim, together with attorney's fees and costs. (*See* Compl., ¶¶ 46, 56, Prayer for Relief, ¶¶ 2-3).

20. Thus, Plaintiff has placed an amount in controversy that exceeds $75,000, based on either the amount of the underlying debt or the market value of the Property, and other monetary damages sought.

**B.     Complete diversity exists between Plaintiff and Defendants.**

21. Plaintiff is a citizen of the State of Minnesota. Plaintiff is a resident of the State of Minnesota, and by filing this action to maintain ownership over his home, has demonstrated an intent to remain in Minnesota indefinitely. (*See* Compl., ¶ 2). *See also Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely.").

22. Fay Servicing is a limited liability company organized under the laws of the State of Delaware (Compl., ¶ 4.) Fay Servicing, LLC is a single member LLC and wholly owned by Fay Management, LLC, its single member. Fay Management, LLC is a Delaware LLC, with its principal place of business in Chicago, Illinois.

23. Defendant U.S. Bank is organized under the laws of the United States and with its main office in Ohio. (*See* Compl., ¶ 11.) A national bank is deemed a "citizen" of the location of its main office. *See U.S. Bank Nat. Ass'n v. Polyphase Elec. Co.*, No. 10-4881, 2011 WL 3625102, at *2 (D. Minn. Aug. 17, 2011) ("[A] national bank 'is a citizen of only the state in which its main office is located as set forth in its articles of

6

12511603v2

association.'"). Because U.S. Bank's main office is in Ohio, is a citizen of the State of Ohio for diversity jurisdiction purposes.

24. Therefore, complete diversity exists between Plaintiff, who is a citizen of Minnesota, and Defendants, who are citizens of other states.

### IV. All Other Procedural Requirements for Removal are Satisfied

25. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

26. This action has not previously been removed.

27. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise, including, but not limited to, the defenses for failure to state a claim upon which relief can be granted.

28. Defendants herein reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

29. A copy of this Notice of Removal is being filed with the Court Administrator of the Hennepin County District Court, as provided under 28 U.S.C. § 1446. Defendants are also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

**WHEREFORE,** Defendants respectfully request that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the

Hennepin County District Court to the United States District Court for the District of Minnesota.

|  | **TAFT STETTINIUS & HOLLISTER LLP** |
|---|---|
| Dated: April 9, 2020 | By: *s/ Mark G. Schroeder* <br> Mark G. Schroeder (#171530) <br> 2200 IDS Center <br> 80 South Eighth Street <br> Minneapolis, MN 55402 <br> (612) 977-8400 <br> mschroeder@taftlaw.com <br><br> **Attorneys for Defendants Fay Servicing, LLC and U.S. Bank National Association, as Legal Title Trustee for Truman 2016SC6 Title Trust** |